UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEN LAKE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>E.K. McDANIEL, et al.,<br><br>　　　　Defendants. | 03:03-CV-00550-LRH-VPC<br><br>ORDER |

Presently before the court is a Motion for Jury Trial (# 48[1]) filed by Plaintiff Ken Lake ("Lake"). Defendants E.K. McDaniel, Adam Endel, Dwight Neven, Jerry Thompson, Rod Lightsey, Joni Drahos, Robert Anderson, Gilbert Cunningham, Calvin Peck, Arthur Neagle, and Wes Radford (collectively, "Defendants") have filed an opposition (# 50) and Lake replied (# 51). Also before the court is a Motion for Clarification (# 49) filed by Defendants.

**I. Factual and Procedural Background**

Lake is currently an inmate at Ely State Prison. Lake filed the present action on November 20, 2003. In his amended complaint, Lake alleges violations of his rights guaranteed by the First, Eighth, and Fourteenth Amendments to the United States Constitution. On May 17, 2005, Magistrate Judge Cooke issued a Report and Recommendation (# 40) that recommended granting

---

[1]Refers to the court's docket number.

summary judgment with respect to four out of six of Lake's causes of action.[2]  On September 28, 2005, this court accepted and adopted Judge Cooke's Report and Recommendation (# 45).  On September 30, 2005, Judgment was entered in favor of the Defendants (# 46).

**II. Motion for Clarification**

Defendants seek clarification of the Court's Judgment in Civil Case (# 46) because that judgment seems to conflict with the acceptance and adoption of Judge Cooke's Report and Recommendation.  Rule 60(a) of the Federal Rules of Civil Procedure provides, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."  Fed. R. Civ. P. 60(a).

Defendants are correct that the judgment entered conflicts with the court's September 28, 2005, order.  The court's September 28, 2005, order, accepting and adopting Judge Cooke's Report and Recommendation, represents the court's intent in this matter.  Specifically, Count IV of Lake's Amended Complaint was not dismissed by the court and remains viable.  Therefore, the court finds that the Judgment in Civil Case (# 46) entered on September 30, 2005, constitutes a clerical error and it will be stricken from the record.

**III. Motion for Jury Trial**

Lake has filed a motion seeking an order to require a jury trial.  Defendants oppose the motion arguing that Lake has waived his right to a jury trial by failing to make a demand for a jury trial.  Rule 38(b) of the Federal Rules of Civil Procedure provides that "[a]ny party may demand a trial by jury of any issue triable of right by a jury. . . ."  Fed. R. Civ. P. 38(b).  However, a party wishing to exercise his right to a jury trial must make a demand "not later than 10 days after the service of the last pleading directed to such issue."  *Id.*  "[T]he purpose of a jury demand is to

---

[2]The court had previously dismissed Count V of Lake's complaint (# 8).

inform the court and opposing counsel that certain issues will be tried to a jury." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1065 (9th Cir. 2004). The failure to make the required jury demand constitutes a waiver of the right to a jury trial. Fed. R. Civ. P. 38(d). "Waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2321 (2d ed. 1994). When a waiver has occurred, the case will by tried by the court. Fed. R. Civ. P. 39 (b).

In the case sub judice, it is clear that Lake has never made a demand for a jury trial. However, Lake argues that he should not be held to this requirement due to his pro se status. Although this court construes the pleadings of pro se litigants liberally, they are still required to follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). For these reasons, the court finds that Lake has waived his right to a jury trial and this case will be tried by the court.

IT IS THEREFORE ORDERED that Lake's Motion for Jury Trial (# 48) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Clarification (# 49) is hereby GRANTED. This order shall serve as clarification of the court's intention in the above captioned case.

IT IS FURTHER ORDERED that the Judgment in a Civil Case (# 46) is hereby STRICKEN from the record.

///
///
///
///
///

IT IS FURTHER ORDERED that the parties shall have thirty (30) days within which to lodge with the court a proposed written joint pretrial order.

IT IS SO ORDERED.

DATED this 7th day of April, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE