# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KEN LAKE,                                      )
                                               )        3:03-CV-0550-LRH (VPC)
            Plaintiff,                         )
                                               )
      vs.                                      )        **REPORT AND RECOMMENDATION**
                                               )        **OF U.S. MAGISTRATE JUDGE**
E.K. McDANIEL, et al.,                         )
                                               )
            Defendants.                        )        February 13, 2007
_____        )

         This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion for judgment on

the pleadings for failure to join an indispensable party (#60).  Plaintiff opposed (#68) and

defendants replied (#69).  Also before the court is plaintiff's motion to strike defendants' motion

for judgment on the pleadings (#62) and his motion to attach exhibits to his motion to strike

(#66).  Defendants opposed plaintiff's motion to strike (#67).  The court has thoroughly reviewed

the record and the motions and recommends that defendants' motion for judgment on the

pleadings for failure to join an indispensable party (#60) be denied, and plaintiff's motion to

strike defendants' motion for judgment on the pleadings (#62) and motion to attach exhibits to

his motion to strike (#66) be denied as moot.

## I.  HISTORY & PROCEDURAL BACKGROUND

         Plaintiff Ken Lake ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely State

Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#7). Plaintiff

brought his original complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fifth,

Eighth and Fourteenth Amendment rights.[1]  *Id*.  Plaintiff named as defendants Gilbert Cunningham, Calvin Peck, Rod Lightsey, Robert Anderson, Joni Drahos, Wes Radford, and Arthur Neagle, ESP correctional officers; E.K. McDaniel, ESP Warden; Dwight Nevin and Adam Endel, ESP Associate Wardens; Jerry Thompson, ESP Investigator; and ESP "Medical Director." *Id*.

Plaintiff's sole remaining claim is count IV, an Eighth Amendment deliberate indifference claim against defendants Cunningham, Peck, Lightsey, Anderson, Drahos, Neagle, McDaniel, Nevin, and MacArthur (collectively "defendants").  Plaintiff alleges in count IV that defendants and an "unnamed nurse" denied him his asthma medication during a 2003 asthma attack, and as a result, he suffered to breathe for three days until they finally brought him some medication (#7, p. 7).

The procedural background in this case is relevant to the motions before the court.  On March 12, 2004, plaintiff filed a "judicial notice" stating that he had identified Doe defendant ESP "Medical Director" as Steven MacArthur (#11).  This court construed the plaintiff's notice as a motion to amend his complaint, granted the motion, and ordered the Attorney General for the State of Nevada to advise whether it would accept service and answer for MacArthur (#12).  The Attorney General accepted service and filed an amended answer that included MacArthur on May 28, 2004 (#14).  The District Court entered a scheduling order on June 1, 2004 (#15).  The scheduling order set the deadline for joining additional parties under Federal Rules of Civil Procedure 19 and 20 as sixty (60) days from the date of the order, or July 31, 2004.  *Id*.

---

[1] Plaintiff filed his original complaint on November 20, 2003 (#5) and his first amended complaint on December 11, 2003 (#7).  On January 5, 2004, the District Court dismissed count V for failure to state a claim upon which relief may be granted (#8).  On May 17, 2005, this court issued a report and recommendation granting defendants' motion for summary judgment as to counts I, II, III, and VI (#40).  The District Court adopted and accepted this court's report and recommendation on September 28, 2005 (#45).

2

Discovery closed on August 30, 2004, ninety (90) days from the date of the scheduling order, and the deadline to file a motion for summary judgment was thirty (30) days after the close of discovery, or September 29, 2004.  *Id.*  Defendants filed two dispositive motions – a motion to dismiss and a motion for summary judgment – on September 29, 2004 (#s 17 and 18), which resulted in the final dismissals of counts I, II, III, and VI on September 28, 2005.  Final judgment in favor of the defendants was mistakenly ordered by the court on September 30, 2005, and the case languished for several months before the inadvertent judgment was corrected on April 10, 2006 (#53).  The court then ordered the parties to file a proposed joint pretrial order by May 10, 2006.  *Id*.

On May 8, 2006, the parties filed a joint motion for an extension of time in which to file the proposed joint pretrial order (#57).  The court granted the motion on May 10, 2006, and gave the parties an extension until June 7, 2006 (#s58 and 59).  On May 12, 2006, the defendants filed the current motion for judgment on the pleadings (#60) and on May 24, 2006, filed a motion for extension of time to file a proposed joint pretrial order (#61).  The court granted the parties an extension of time to file the proposed joint pretrial order until thirty (30) days after the court entered its order regarding defendants' motion for judgment on the pleadings, reasoning that if the court granted defendants' motion, the instant case would be concluded and no further action would be necessary (#64).

The court notes that the plaintiff is proceeding *in pro se*.  "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

3

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Judgment on the Pleadings Standard

A party may move for judgment on the pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings may be brought "after the pleadings are closed but within such time as not to delay the trial." *Id*. "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). When the court considers matters outside the pleadings the motion shall be considered a motion for summary judgment. Fed. R. Civ. P. 12(c).

Regarding the timing of a motion for judgment on the pleadings, Wright & Miller have stated:

> Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings. If a party engages in excessive delay before moving under Rule 12(c), the district court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial. The determination whether the motion is a legitimate one or simply has been interposed to delay the trial is within the sound discretion of the judge.

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2006).

#### 2. Affirmative Defense of Failure to Join Indispensable Parties

Pursuant to Rule 12, defendants have an affirmative defense of failure to join a party under Rule 19. Fed.R.Civ.P. 12(b)(7). "A defense of failure to join a party indispensable under Rule 19... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for

judgment on the pleadings, or at the trial on the merits." Fed.R.Civ.P. 12(h)(2).  Generally, all affirmative defenses must be brought in the same motion or the defendant waives the right to bring them, however, Rule 12(g) excepts the defense of failure to join an indispensable party. Fed.R.Civ.P. 12(g).

Failure to join an indispensable party is not jurisdictional, and therefore, will not divest the court of jurisdiction.  *Simpson v. Alaska State Com'n for Human Rights*, 608 F.2d 1171, 1175 and n. 5 (9th Cir, 1979).

### 3. Joinder of Non-Parties

Rule 19 joinder of a non-party requires the court to undertake a two-step analysis. *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship and Training Committee*, 662 F.2d 534, 537 (9th Cir. 1981); *see also Bakia v. Los Angeles County of State of Cal.*, 687 F.2d 299, 301 (9th Cir. 1982).  The court must first determine if the non-party is "necessary" to the litigation pursuant to Rule 19(a).  *Eldredge*, 662 F.2d at 537; *see also* Fed.R.Civ.P. 19 (a).  If the non-party is determined "necessary" but cannot be made a party, the court must ascertain under Rule 19(b) whether it may go forward with the litigation regardless. *Bakia*, 687 F.2d at 301; *see also* Fed.R.Civ.P. 19 (b).

Rule 19 provides that a person is "necessary" to a litigation if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). The Ninth Circuit has stated that "there is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a)" and that such a determination

is heavily influenced by the facts and circumstances of each case. *Bakia*, 687 F.2d at 301.

Only if the non-party is "necessary" under Rule 19(a) and "cannot be made a party," will the court determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b).  Four factors are considered in the Rule 19(b) analysis: (1) whether a judgment without the absent person would be prejudicial to the named parties; (2) whether that prejudice can be lessened or avoided; (3) whether judgment rendered in the person's absence will be adequate; and (4) if the action is dismissed for nonjoinder, whether the plaintiff will have an adequate remedy.  Fed.R.Civ.P. 19(b).

The court has "considerable discretion" in deciding a Rule 19 analysis. *Bakia*, 687 F.2d at 301.  The timing of a motion involving Rule 19 is a factor in the court's decision. *See* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1609 (3d ed. 2006) (noting that the 1966 Advisory Committee on Rule 19 stated "when the moving party is seeking dismissal in order to protect himself against a later suit by the absent person... and is not seeking vicariously to protect the absent person against a prejudicial judgment... his undue delay in making the motion can properly be counted against him as a reason for denying the motion"); *see also Gil Enterprises, Inc. V. Delvy*, 79 F.3d 241 (2d Cir. 1996) (referencing excessive delay in raising a Rule 19 issue as a ground to deny the motion).

### B.  Analysis

#### 1. Defendants' Motion for Judgment on the Pleadings

Defendants argue that plaintiff failed to name certain "indispensable" parties (#60). Plaintiff alleges in count IV that defendants confiscated his property on June 16, 2003, which included his asthma medication, and shortly thereafter he suffered an asthma attack (#7, p.7).

1   Plaintiff alleges that certain defendants would not give plaintiff his property back. *Id*. An

2   "unnamed nurse" allegedly told plaintiff that prison medical would have to "order some new

3   medication, and [plaintiff] would just have to ride the asthma attack out." *Id.* Plaintiff also

4   alleges that defendants McDaniel, Neagle, Peck, and the "medical director" ignored or denied his

5   emergency grievances. Id.

6

7          Defendants argue that when this incident occurred in June 2003, Correctional Medical

8   Services ("CMS") provided medical care to prisoners at ESP under a contract, which expired on

9   June 30, 2003, and that all medical staff providing medical treatment and services at that time

10  were employees of CMS (#60, p.8; see also Affidavit of Karen Walsh (attesting to these facts)).

11  Defendants submit that it is undisputed that defendant MacArthur was not employed by NDOC

12  until July 1, 2003. *Id.*, *citing* #18. Defendants contend that the "unnamed nurse" and the

13  "medical director" named in plaintiff's complaint were CMS employees, and as such, CMS and

14  its employees are indispensable persons that are needed for just adjudication of this case. *Id.*, p.

15  9. Defendants make the following arguments in support of this claim: (1) the defendants and the

16  absent parties will suffer prejudice if the absent parties do not participate in the suit; (2) judgment

17  without the absent parties would subject current defendants to a substantial risk of multiple

18  liability; (3) the absent parties were active participants in the alleged constitutional violation and

19  are therefore joint tortfeasors; (4) defendants will be forced to seek indemnity from absent parties

20  if found liable, and the absent parties will likely argue that they should have been named in order

21  to protect their interests during trial; (5) that judicial economy requires that defendants not try this

22  case twice; and (6) complete relief is not possible without the absent parties because the court

23  cannot determine the absent parties' share of liability. *Id.*, pp. 9-11; *see also* #69, pp. 3-4.

24

25

26

27

28

Plaintiff's position is that defendants have already brought similar arguments in this case in their 2004 dispositive motions (#68, p. 2). Plaintiff asserts that because count IV has made it though the court's "rigorous screening process" and the defendants' dispositive motions, he has presented a valid claim. *Id*. Plaintiff further argues that it is an issue of fact for trial as to which parties are guilty of the alleged constitutional violations. *Id*. Since plaintiff "clearly defined" each defendant's role in his complaint, there is no danger of multiple liability. *Id*., p. 3. Plaintiff argues that defendants can call the absent parties as witnesses in the trial. *Id*. Plaintiff also requests an evidentiary hearing, asserting that Rule 19 requires one. *Id*.

Although he asserts that the absent parties are not necessary or indispensable, plaintiff nevertheless requests that "in the interest of fairness," he be allowed to join CMS and any other parties named by defendants. *Id*. Plaintiff contends that the non-parties are still employed by NDOC, and are easily found. *Id*. Citing *Sherman v. United States*, 982, F.2d 1312 (9th Cir. 1992), plaintiff contends that a Rule 12(b)(7) motion to dismiss for failure to join a party will only be granted if the court determines joinder is not possible and the party is, in fact, indispensable. *Id*.

Defendants reiterate their arguments in their reply and additionally argue plaintiff is not entitled to an evidentiary hearing because case law requires only that there be an "evidentiary showing" as to why the parties are indispensable (#69, p. 3).

**(a) Rule 12(c)**

Before addressing whether the non-parties are "necessary" or "indispensable" to this litigation, the court addresses whether defendants' motion for judgment on the pleadings will delay trial in violation of Rule 12(c). Plaintiff filed his case over three years ago, on November 20, 2003 (#7). Pursuant to the scheduling order, discovery closed on August 30, 2004 (#15; *see*

1  *also* #60 (defendants admit "discovery was complete on August 30, 2004")).  The scheduling

2  order set a deadline of July 31, *2004* for joinder of indispensable parties under Rule 19 (#15).[2]

3

4      It is clear to the court that defendants were aware of the facts supporting their current

5  motion at the close of discovery, over two and a half years ago.  Defendants admit that the

6  "unnamed nurse" was identified during discovery as Nurse Terri Curto (#60, p. 8, n. 3).  In fact,

7  in their September 29, 2004 motion for summary judgment, defendants submitted evidence

8  identifying Nurse Curto.  *See* #18, p. 16 and Exhibit F, p. 3, Response 8.  Additionally, it is

9  notable that when defendants filed their motion for summary judgment, they also knew the name

10  of the physician employed by CMS at the time of the incident to be Dr. Williamson.  *See* #18, p.

11  16, ln. 19; *id*., p. 17, ln. 17; *id*., p. 18, ln. 14; *id*., Ex. Q, ¶ 17.  Defendants argue in their current

12  motion that "plaintiff surely had knowledge that medical service was supplied by CMS and

13  medical staff members were CMS employees during the June 17-19, 2003 time period" (#60, p.

14  8).  However, the court observes that defendants surely must have had this knowledge as well,

15  since they, not plaintiff, were parties to the contract with CMS.  Additionally, defendants knew

16  in 2004 that Dr. Steven MacArthur was not employed by NDOC until July 1, 2003, a fact they

17  pointed out specifically in their motion for summary judgment.  *See* #18, p. 25 and Exhibit Q, ¶

18  5.  Indeed, defendants argued in their motion for summary judgment that because of his

19  employment start date, Dr. MacArthur could not have been personally involved in the incident

20  (#18, p. 25).

21

22

23

24

25

26      [2] Defendants have not requested that the court actually join the absent parties; rather, defendants

27  argue that plaintiff's claim should be dismissed because plaintiff failed to join the absent parties.  The court notes that had the defendants requested joinder of the indispensable parties, they would have had to file a motion to amend the scheduling order and state "good cause" as to why they waited almost two years to

28  attempt to add these parties. Fed.R.Civ.P. 16(b).

The court made a final ruling on the dispositive motions a year and a half ago, on September 28, 2005 (#s 40 and 45).  It is now February 2007.  Almost a year ago, on April 10, 2006, the court ordered the parties to prepare for trial (#53).  Joining the absent parties now, as plaintiff has requested, would create extraordinary delay in this already three year-old case. *See* 5C Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2006) ("If a party engages in excessive delay before moving under Rule 12(c), the district court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial.  The determination... is within the sound discretion of the judge").  Joinder would require the court to re-open discovery and revise the scheduling order to contend with the potential filing of dispositive motions. Additionally, dismissing the case, as defendants have requested, would be unfair to the plaintiff.  The court, in its discretion, concludes that defendants' failure to act should not be held against plaintiff.  Although Rule 12(h)(2) allows a party to present a defense of failure to join an indispensable party up to and including at a trial on the merits, the rule cannot contemplate allowing parties to sit on such a motion for an extended length of time.   The defendants waited to bring their motion for almost two years after discovering the information that supports it.  Defendants' motion clearly could have been brought at the end of discovery or anytime before the court ordered pretrial preparations had defendants been diligently defending the case.  The defendants sat on their rights and will not be allowed to now delay trial.

**(b) Rule 19**

The court also addresses the merits of the defendants' motion and alternatively concludes that CMS and its employees are not "necessary" parties.  There is "no precise formula for a Rule 19 determination," and the court must rely on the underlying policies of the rule. *Bakia*, 687 F.2d

at 301.  First, "complete relief" is possible without the absent parties in this case.  Fed.R.Civ.P. 19(a)(1).  "[ Section 19(a)(1)]... is concerned only with 'relief as between the persons already parties, not as between a party and the absent person whose joinder" is at issue.  *Eldredge*, 662 F.2d at 537 (citations omitted).  In this case, plaintiff has alleged that the named defendants violated his Eighth Amendment rights because they either ignored his emergency grievances or denied him his asthma inhaler (#7, p. 7).  This court has previously found that the plaintiff suffered an asthma attack on or about June 16, 2003.  *See* #40, p. 11 ("The court finds that plaintiff suffered an asthma attack" because defendants "acknowledge that plaintiff complained he was sick and asked for his inhaler, the guard called a nurse, and that the nurse allowed plaintiff to use and inhaler").  Whether or not CMS, Nurse Curto or Dr. Williamson are named as defendants, a trial on the merits addressing whether plaintiff's grievances were ignored by prison administration or he was denied his medication by certain guards can still be held.  Therefore, "complete relief," which involves only the parties to the case, *see Eldredge*, 662 F.2d at 537, is possible.

The second factor under Rule 19(a) for determining whether non-parties are necessary "concerns prejudice, either to the absent persons or to those already parties."  *Eldredge*, 662 F.2d at 537, *citing* Fed.R.Civ.P. 19(a)(2).  Defendants argue that they will be prejudiced if the court proceeds without the absent parties because they will be forced to sue CMS and its employees on a theory of third-party indemnification.  Although defendants admittedly have this option should that become necessary, *see* #60, they argue that having a second trial is waste of judicial resources.  That is possible; however, plaintiff should not be penalized for defendants' failure to bring this argument sooner.  "The failure to raise the defense in a timely fashion may be considered by the court in determining whether the defect is fatal to the continuation of the

action." 7 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1609 (3d ed. 2006) (noting that the 1966 Advisory Committee on Rule 19 stated "when the moving party is seeking dismissal in order to protect himself against a later suit by the absent person... and is not seeking vicariously to protect the absent person against a prejudicial judgment... his undue delay in making the motion can properly be counted against him as a reason for denying the motion"); *see also Gil Enterprises, Inc. V. Delvy*, 79 F.3d 241 (2d Cir. 1996) (referencing excessive delay in raising a Rule 19 issue as a ground to deny the motion) (*citing Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 434 (5th Cir. 1992) *and Arnold v. BLaST Intermediate Unit 17*, 843 F.2d 122, 125 n. 6 (3d Cir. 1988) ("[Appellant's] Rule 19 claim... is barred by the equitable principle of laches here, where [appellant] itself failed to join the [indispensable party] despite ample opportunity"). Defendants admit that they determined during discovery that CMS and its employees were involved in the alleged constitutional violation, yet, defendants did nothing for two years to make sure CMS was part of this lawsuit.

Defendants further argue that the absent parties will "likely" argue that they should have been joined in this litigation, thereby precluding defendants' third-party indemnity action. This assertion is speculative – there is no way of knowing what the absent parties will argue, or even knowing whether a third-party indemnification suit will be necessary.

Having determined that the absent parties are not "necessary," the court need not engage in a Rule 19(b) analysis. *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship and Training Committee*, 662 F.2d 534, 537 (9th Cir. 1981); *see also Bakia v. Los Angeles County of State of Cal.*, 687 F.2d 299, 301 (9th Cir. 1982). It is clear that resolution is not impossible in this case. The court denies defendants' motion for judgment on the pleadings.

/ / /

12

**2. Plaintiff's Motion to Strike and Motion to attach exhibits to Motion to Strike**

Since the court denied defendants' motion (#60), plaintiff's motion to strike defendants' motion for judgment on the pleadings (#62) and motion to attach exhibits to his motion to strike (#66) are denied as moot.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that the absent parties are not "necessary" under Rule 19(a).  Moreover, since defendants sat on their rights for almost two years, the plaintiff would be prejudiced by either dismissal of the case or joinder of the absent parties.  Defendants have the option of bringing a third-party indemnification claim against the absent parties should that be necessary.

As such, the court recommends that defendants' motion for judgment on the pleadings for failure to join an indispensable party (#60) be denied, and plaintiff's motion to strike defendants' motion for judgment on the pleadings (#62) and plaintiff's motion to attach exhibits to his motion to strike (#66) be denied as moot.

The parties are advised:

1.    Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

1

## IV.  RECOMMENDATION

2
3

    **IT IS THEREFORE RECOMMENDED** that the District Court enter an order as

4

follows:

5

    1.  **DENYING** defendants' motion for judgment on the pleadings for failure to join an

6

indispensable party (#60); and

7

    2.  **DENYING as moot** plaintiff's motion to strike defendants' motion for judgment on

8
9

the pleadings (#62), and plaintiff's motion to attach exhibits to the motion to strike (#66).

10

    **DATED:** February 13, 2007.

11

12

13

_____

14

**UNITED STATES MAGISTRATE JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28